UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARWIN LYNN CRAIG, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 1:16-CV-218 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On August 16, 2016, the Court ordered him to show cause why the motion should not be dismissed as time-barred. After reviewing the response, the Court finds that this action must be dismissed.

On September 3, 2013, movant pled guilty to felon in possession of a firearm. On March 24, 2014, the Court sentenced him to 100 months' imprisonment.

In the instant motion, movant argues that, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), he no longer qualifies as a career offender because controlled substance offenses are no longer grounds for enhancement under U.S.S.G. § 4B1.1(a). The Supreme Court decided *Johnson* on June 26, 2015. Movant placed his § 2255 motion in the prison mail system on August 10, 2016.

Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> . . .

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> . . .

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

A review of the instant motion shows that it is time-barred under 28 U.S.C. § 2255(f)(3) and is subject to summary dismissal. The deadline for filing cases under *Johnson* was June 27, 2016. Movant did not file this action, however, until August 10, 2016. As a result, this action is dismissed without prejudice.

Movant acknowledges that relief under § 2255 is barred by the limitations period. However, he asks the Court to hold this manner in abeyance pending the Sentencing Commission's decision to make the August 1, 2016, changes to § 4B1.2(a) retroactive. Motions for reduction of sentences must be made in the criminal action under 18 U.S.C. § 3582(c)(2). Should the sentencing commission make the changes retroactive, movant can file the appropriate motion at that time.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of dismissal will be filed separately.

Dated this 28th day of September, 2016.

                                                                          _____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE